904 F.2d 78
 284 U.S.App.D.C. 258
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Philip J. BROWN, et al., Appellants,
v.
Brian SEEBER, et al., Appellees.
 No. 88-7163.
 United States Court of Appeals, District of Columbia Circuit.
 June 13, 1990.
 
 Before STEPHEN F. WILLIAMS and SENTELLE, Circuit Judges, and SPOTTSWOOD W. ROBINSON, III, Senior Circuit Judge.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record on appeal from the United States District Court for the District of Columbia, and was argued by counsel. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED and ADJUDGED that the judgment of the District Court herein be and hereby is affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15(b)(2).
 
 MEMORANDUM
 
 4
 In December, 1980, appellants filed voluntary bankruptcy petitions in the Bankruptcy Court for the District of Columbia and hired appellee Brian R. Seeber, of the law firm of Gins and Seeber, P.C., to represent them in the proceedings ensuing.[1] In due course, the firm moved for an allowance of attorneys' fees. A hearing was held on the motion, at which appellants voiced no opposition, and the application was granted.
 
 
 5
 Appellants now attack the fee award on the ground that during the period of their representation, another member of the firm represented in a landlord-tenant matter a party whose position was adverse to theirs in the bankruptcy case, and thus that the firm served conflicting interests. Appellants say that they did not learn of the conflict until three months after the award, a claim which appellees contest. At any rate, appellants took no step whatsoever in the still-ongoing bankruptcy case to try to annul the award.
 
 
 6
 Two years after the award, appellants sued the firm and its members in the Superior Court of the District of Columbia, charging breach of contract, fraud and misrepresentation, and seeking a refund of the fees and damages assertedly flowing from the allegedly tainted representation. Appellees removed the case to the District Court, which denied appellants' motion to remand to the Superior Court. Brown v. Seeber, Civ. No. 88-0644 (D.D.C.) (order) (filed May 2, 1988), Appendix to Brief for Appellees (A.App.) 138. Thereupon, appellees, with appellee Samuel Greenbaum filing separately, moved for summary judgment.
 
 
 7
 In two orders, the District Court granted both motions and dismissed the case, explaining that D.C.Code Sec. 29-611 (1981) relieved Greenbaum of any possible personal liability, Brown v. Seeber, Civ. No. 88-0644 D.D.C.) (order) (filed June 2, 1988), Appendix B to Brief for Appellants [hereinafter June 2 Order], and that, with respect to the remaining appellees, "it appearing from undisputed facts that [appellants] failed to protect their interests in the Bankruptcy Court after they claimed to have become aware of an alleged conflict in 1986 affecting the attorney fee[,] ... therefore [appellants] must be deemed to have waived their claim...." Brown v. Seeber, Civ. No. 88-0644 (D.D.C.) (order) (filed June 6, 1988), A.App. 139 [hereinafter June 6 Order]. Appellants challenge both the District Court's refusal to remand the case to the Superior Court and the orders granting summary judgment in favor of appellees.
 
 
 8
 We lack authority to review the District Court's denial of appellants' motion to remand. Congress has provided, with exceptions not pertinent here, that "[a] party may remove any claim or cause of action in a civil action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. Sec. 1452(a) (1982 and Supp.V 1987).[2] And while "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground," id. Sec. 1452(b), "[a]n order entered under this subsection remanding a claim or cause of action, or a decision not to remand, is not reviewable by appeal or otherwise." Id. We agree with the Fifth Circuit that this language means precisely what it says. Sykes v. Texas Air Corp., 834 F.2d 488, 490-493 (5th Cir.1987) (noting also the "strong congressional policy against review of remand orders").
 
 
 9
 Appellants' challenge to the District Court's waiver determination is narrow. Apparently hypothesizing that a waiver of their objection to the fee award could have been registered only if they had known of the alleged conflict prior to the award, appellants contend that they first learned thereof three months after the date of the award. Appellees, however, insist that appellants were aware of all essential facts beforehand. Appellants thus reason that there was a genuine issue of material fact--as to when they came by the information upon which the claim of conflict is based--precluding the District Court's summary judgment.
 
 
 10
 That dispute, however, is irrelevant. Appellants do not deny that the bankruptcy case was still ongoing when admittedly they acquired the knowledge prompting their claim. It is also clear that appellants did not then or later move the Bankruptcy Court for reconsideration of the fee award, or even inform the court of the alleged ethical violation. The factual dispute highlighted by appellants thus was not material to the ground upon which the District Court concluded that a waiver had occurred. Indeed, the court appears to have accepted appellants' representation as to when they learned of what they now term a conflict, for in its order the court stated that appellants "failed to protect their interest in the Bankruptcy Court after they claim to have been aware of the alleged conflict in 1986." June 6 Order, supra, A.App. 139 (emphasis added).
 
 
 11
 In sum, we perceive no basis for upsetting the District Court's ruling on the motion to remand or its conclusion that appellants waived their right to question the fee award. It follows that we need not address the propriety of the ruling that appellee Greenbaum cannot in any event be held individually liable.
 
 
 
 [1]
 In the spring of 1983, the firm withdrew as counsel for Philip J. Brown, who thereafter represented himself
 
 
 [2]
 Section 1334 provides in pertinent part that
 (a) except as provided in subsection (d) of this section, the district court shall have original and exclusive jurisdiction of all cases under title 11.
 * * *
 (d) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district court, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.
 28 U.S.C. Sec. 1334 (1982 & Supp.V). Beyond cavil, the litigation before us arose from or is related to a case under Title 11, which governed the bankruptcy case itself.